[843 NYS2d 98]

In the Matter of KEVIN J. CUMMINGS (Admitted as KEVIN JOHN CUMMINGS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 11, 2007

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman & Werner, LLP*, Bayshore (*David H. Besso* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent acknowledges a pending investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) into allegations that, on two occasions, the balance in his escrow account fell below the amounts he was required to be preserving on behalf of his clients and that he failed to cooperate with the lawful demands of the Grievance Committee. In one closing, the respondent was obligated to hold the sum of $3,500 in escrow, to be released upon the resolution of certain title matters. Prior to resolution of those matters, the balance in his escrow account fell below that which he was required to preserve. On or about June 2, 2003, the respondent fully reimbursed that sum to his clients.

At a second closing, the respondent agreed to hold the sum of $10,000 in escrow related to possible expenses incurred from an extended living care facility. Prior to the resolution of that issue, the balance in his escrow account fell below that which he was required to preserve. On or about April 5, 2004, the respondent fully reimbursed that sum to his clients.

The respondent acknowledges his inability to successfully defend himself on the merits of any disciplinary charges which have been initiated against him based upon the aforesaid facts and circumstances.

The respondent avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney and is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

The resignation is submitted subject to any application which could be made by the Grievance Committee to direct the re-

spondent to make restitution and to reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that the tendered resignation complies with the requirements of Rules of the Appellate Division, Second Department (22 NYCRR) § 691.9 and recommends its acceptance by the Court.

Under the totality of circumstances, the resignation is accepted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding previously authorized against the respondent in this Court's decision and order on motion dated August 15, 2005, is discontinued in light of the respondent's resignation.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and SPOLZINO, JJ., concur.

Ordered that the resignation of Kevin J. Cummings, admitted as Kevin John Cummings, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kevin J. Cummings, admitted as Kevin John Cummings, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Kevin J. Cummings, admitted as Kevin John Cummings, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kevin J. Cummings, admitted as Kevin John Cummings, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Kevin J. Cummings, admitted as Kevin John Cummings, has been issued a secure pass by the Office of Court

Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated August 15, 2005, is discontinued.